REDMANN, Judge,
dissenting.
La.C.C.P. 934 draws a line that is theoretically distinct but practically blurred. That line divides defects in petitions subject to peremptory exceptions into those that can and those that cannot be removed by amendment. The article surely contemplates the existence of non-removable defects in petitions. Therefore the removing of a defect must be something other than withdrawing an affirmative allegation constituting a defect: if plaintiff’s tort petition alleges that his own fault caused his injury (even if it also alleges causative fault by defendant) presumably that defect is non-removable. Such a plaintiff’s problem is not mere failure to state a cause of action because of inadequate pleading; his problem is failure to have a cause of action. To amend by merely withdrawing his allegation of his own contributory negligence *345 would, in a semantic sense, remove the defect of his pleading but for obvious reasons such an amendment ought not to be allowed (in the absence of a showing that the original allegation was a clerical error or the like).
Probably, however, any amendment short of a deletion ought to be allowed, as a general rule under C.C.P. 934.
Petitioners could amend here to allege payment or at least to allege that they have receipts for payment. See the cases noted in the annotations to La. Code of Practice (1870) art. 607. Johnson v. Jones-Journet, La.1975, 320 So.2d 533, 537, points out that although C.P. 607’s examples were deleted in its replacement by C.C.P. 2004, “there was no intention to change the law.”